BLACK, appellant, and BLACK, respondent.

In laying acts of adultery in a bill for a divorce, the name of the person, if known, with whom the offence was committed, the city or county, and state, and the month and the year, should be stated.

Demurrer to bill for divorce.   The facts of adultery were thus charged in the bill, viz. :

And your orator further showeth unto your Honor, that the said Carrie E. Black, since her said marriage with your orator, and on different days of the months of May, June, July, August, September, October, and November, in the year 1872, and in the year 1873, *and at divers other times*, at the township of Mansfield aforesaid, in the county of Burlington and State of New Jersey ; at the city of Trenton, in said state, and at the city of Philadelphia, in the State of Pennsylvania, wickedly disregarding the solemnity of her vows, and the sanctity of the marriage state, hath committed adultery with one J. C., of the county of Burlington and State of New Jersey.

And your orator further showeth unto your Honor, that the said Carrie E. Black, since her said marriage with your orator, and on different days of the months of July, August, September, October, November, and December, in the year 1873, and on different days of the months of January, February, March, April, May, June, July, August, September, and October, in the year 1874, *and at divers other times*, at the townships of Mansfield and Springfield, in the county of Burlington aforesaid ; at the city of Philadelphia, in the State of Pennsylvania, and in the city and State of New York, in like manner wickedly disregarding the solemnity of her vows and the sanctity of the marriage state, hath committed adultery with one H. B., then of the county of Burlington, in the State of New Jersey aforesaid.

The opinion of the Chancellor is reported in 11 *C. E. Green* 431.

Black v. Black.

*Mr. S. D. Dillaye* and *Mr. A. Browning*, for appellant.

*Mr. G. S. Cannon* and *Mr. J. Wilson*, for respondent.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

The rule with respect to the particularity requisite in the statement of the acts of adultery in a bill for divorce, was stated with precision by Chancellor Green, in the case of *Marsh* v. *Marsh*, 1 *C. E. Green* 391. The formula there prescribed is that the pleading should state the time when, the place where, and the person, if known, with whom the offence was committed, and that in laying the time, the month and year should be stated, but that the day need not be particularized. With regard to place, the judgment cited shows that it need not be further described than as a city within a designated state.

This method of description accords, I think, with that adopted in most of the courts of this country, and is also in harmony with the practice as it has generally prevailed in this state. Its requirement in point of specification is, at least, as ample as the present rule of practice in the English ecclesiastical courts. All that is stated in this respect, in that tribunal, in the petition to the Ordinary, is that the defendant, on a day and year named, " and other days between that day and " a day named, did, " at                , in the county of              , commit adultery " with a person described by name, if known. 2 *Bishop on Mar. and Div.*, § 783.

It is manifest that to exact of the pleader greater circumstantiality than that in laying the offence in the bill, would result in no practical advantage to the defendant. If the days were required to be stated, still there could be no restriction as to their number; and by a mere enumeration of each day in each month, the requisition would be, for all practical purposes, nullified. Nor is there, when we take into account the mode in which, in this state, testimony is taken in a suit in equity, any danger that the defendant, owing to this gen-

eral statement of the misconduct charged upon him, will be put to inconvenience or taken by surprise. In our practice, the complainant makes his case by his witnesses, and when he has finished, ample time is afforded the defence to meet the case so advanced. The rule as above stated has the attestation of authority and experience in its favor.

It will then, from this point of view, be perceived that most of the charges of criminality contained in this bill are described with sufficient fullness and precision. They are particularized by a reference to the month, year, place, and person. This, as has been above shown, is all that is required. But, among these charges are interplaced others which are not, in any respect, circumscribed with respect to time. The charge, in these instances, is that the defendant committed the offence at "divers other times." It is obvious, therefore, that this class of criminations is not limited in time, and the consequence is, they cover the whole of the married life of the parties. Such a generality of averment falls within the condemnation of the case of Marsh *v.* Marsh, already cited, and if the demurrer had been confined to these particular charges, I should have thought it sustainable. But such is not the case, for it applies not only to these particular allegations, but to all the other allegations of misconduct, and in its last clause is directed even against the entire equity of the bill. The demurrer, therefore, is too broad ; it embraces that which is good in pleading, as well as that which is bad, and, according to the established rule, being bad in part, it is bad *in toto*, and cannot be sustained.

The decree should be affirmed, with costs.

Decree unanimously affirmed.